UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARISTEO SOTO, on his behalf and
others similarly situated, ABRAM
LOPEZ, JASON FRUEH, ROGER CARLEY,
PAUL BARBER, JR, TRAVIS TYREE, JUAN
ESQUIVEL, HUGH CAMPBELL, JERRY
CARLEY, DONALD LOCKLEAR, CARLOS
BALLINGER, DAVID WEAVER, RAMIRO
GUTIERREZ, MATTHEW BROWN,
CHRISTOPHER CONNOR, REX CRICK, SCOTT
HULL, JOSHUA TYREE, TRAVIS TYREE,
BRIAN ROESCH, KEVIN BROWN, ARMANDO
SALDANA, JOSE RODRIGUEZ, CONRRADO
MAR, ANDREW ECKER, CONSTANTINO
BORJA-ANGEL.

            Plaintiff,

vs.                              Case No.  2:10-cv-688-FtM-29SPC

RECYCLE TECHNOLOGIES INTERNATIONAL,
INC., a Florida profit corporation,
RKO INDUSTRIES, INC., a Florida
profit corporation, REX CRICK,
individually,

            Defendants.
_____


**OPINION AND ORDER**

        This matter comes before the Court on plaintiff's Unopposed

Motion for an Order for Conditional Certification of This

Collective Action (Doc. #56) filed on June 17, 2011.  Defendants

filed a Reply (Doc. #63) on June 23, 2011.

                              **I.**

        An action to recover unpaid overtime compensation, 29 U.S.C.

§ 207, under the Fair Labor Standards Act (FLSA), may be maintained

"against any employer (including a public agency) in any Federal or

State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).  The purpose of such a collective action is "to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer."  Prickett v. Dekalb County, 349 F.3d 1294, 1297 (11th Cir. 2003).  To demonstrate that plaintiffs are "similarly situated", a opt-in plaintiff "need show only that their positions are similar, not identical, to the positions held by the putative class members."  Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001)(quotations and citations omitted).  The Eleventh Circuit has adopted a two-tiered approach to certification, as described in Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995):

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. . . .

Hipp, at 1218.  Plaintiff must show that there are other employees who desire to "opt-in" and who are "similarly situated" before giving notice.  Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991).  The named plaintiff must show a "reasonable basis" for his claim that there are other similarly situated employees.  Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008)(citations omitted).  At the first stage, the Court applies a "fairly lenient standard", Anderson v. Cagle's Inc., 488 F.3d 945, 953 (11th Cir. 2007), although there must be more than counsel's unsupported assertions, Morgan, 551 F.3d at 1261.

## II.

Plaintiffs seek conditional certification for purposes of sending notices to all similarly situated hourly paid laborers who were employed by defendants between November 16, 2007 and the present, and who did not receive minimum wage or overtime compensation.  Defendants do not oppose conditional certification for "hourly paid laborers" or the proposed "notice of consent to join" form.  Defendants object to the proposed time period as none of the supporting affidavits reflect a failure to compensate before July 2010 for any employees.  Defendants also wish to have the

Court consider that at least 24 employees have joined and no affidavit claims more than 25-30 employees are at issue; and the hourly wages were all otherwise above the federal minimum wage.

Plaintiff Aristeo, on behalf of himself and other employees and former employees, filed the Complaint (Doc. #1) against defendants alleging that he, as an hourly-paid laborer, was not paid minimum wage and overtime wages for all hours worked from at least August 2009 and continuing through October 2010.  The Affidavit of Aristeo Soto (Doc. #56-1) verifies this information and further states that he was paid at a rate of $13.50 per hour, but was paid no compensation, for regular or overtime hours, between July 2010 through October 26, 2010.  Aristeo Soto is aware of approximately 25 other similarly situated employees, and 24 employees have already joined this action.  (Doc. #56-1, ¶¶ 7, 8, 9, 11.)  In support, plaintiff filed additional Affidavits of opt-in plaintiffs.  Kevin Brown, an Assistant Maintenance Supervisor, was employed from September 2009 through September 30, 2010, and did not receive any compensation from July 2010 to September 30, 2010.  Kevin Brown is aware of approximately 25-30 similarly situated employees.  Kevin Brown performed similar jobs to Aristeo Soto.  (Doc. #56-2, ¶¶ 4, 7, 9, 10.)  Carlos Ballinger, a Yard Supervisor, was employed from April 23, 2009 through July 30, 2010, at a rate of $13.50 per hour.  From July 19, 2010 to July 30, 2010, Carlos Ballinger received no compensation, and he is award of

approximately 25-30 other similarly situated employees.  Carlos Ballinger performed similar jobs to Aristeo Soto.  (Doc. #56-3, ¶¶ 4, 6, 7, 9, 10.)  Donald Locklear, a Machine Operator, from approximately July 28, 2010, through August 11, 2010, received no compensation for the approximately 40 hours per week that he worked at the rate of $9.00 per hour.  Donald Locklear is aware of approximately 25-30 similarly situated employees.  Donald Locklear performed similar jobs to Aristeo Soto.  (Doc. #56-4, ¶¶ 4, 6, 7, 9, 10.)

The Court finds that conditional certification is appropriate for "hourly paid laborers."  The Court declines to certify a class for the three years preceding the filing of the Complaint.  The allegations in the Complaint and the supporting Affidavits support no claims of unpaid wages or overtime compensation before July 2010.  Therefore, the Court will only certify the class from July 2010, to present.  The Court will permit the proposed notice and Consent to Join forms, as modified.

Accordingly, it is now

**ORDERED**:

1.  Plaintiff's Unopposed Motion for an Order for Conditional Certification of This Collective Action (Doc. #56) is **GRANTED IN PART AND DENIED IN PART** as follows:

A.  A collective action is conditionally certified as follows:

All current and former hourly paid laborers who were employed by Recycle Technologies International, Inc., RKO

Industries, Inc., and/or Rex Crick **on or after July 1, 2010,** and who did not receive full and proper minimum wages for all hours worked up to forty (40) hours in one or more workweeks; and/or overtime compensation for all hours worked in excess of forty (40) hours in one or more workweeks.

B.   **On or before August 19, 2011,** defendants shall deliver to counsel for plaintiffs a list of all hourly paid laborers employed since July 1, 2010.

C.   Upon receipt of the information, counsel for plaintiffs is authorized to provide notice to the individuals, pursuant to the attached and modified notice, **on or before September 23, 2011.**

D.   The form notice and the associated "Consent to Join" form shall be substantially in the forms attached as **Exhibit "A" and Exhibit "B",** respectively, to this Opinion and Order, shall be mailed via first class U.S. Mail, at the sole cost and expense of Plaintiffs, to all individuals disclosed by Defendant.

2.   Opt-In Plaintiffs Paul Barber, Jr. and Ramiro Gutierrez are dismissed without prejudice as opt-in plaintiffs, having withdrawn their consent.   (Docs. ## 53, 85.)   The Clerk shall terminate these opt-in plaintiffs on the docket.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of July, 2011.

_____

JOHN E. STEELE
United States District Judge

Copies: Counsel of record