UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARISTEO SOTO, on his own behalf and
others similarly situated

       Plaintiff,

V.                                                    Case No:  2:10-CV-688-FtM-29SPC

RKO INDUSTRIES INC., REX CRICK,
RECYCLE TECHNOLOGIES
INDUSTRIES, LLC and MCGUIRE
GROUP 1-B, LLC

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Parties' Joint Motion for Approval of Settlement Agreement, and Upon Court Approval, For Dismissal of the Action with Prejudice (Doc. # 142) filed on April 4, 2012. Additionally, Plaintiff filed his Unopposed Motion for Dismissal of Claims with Prejudice as to Recycle Technologies International, Inc. and Incorporated Memorandum of Law (Doc. # 143) on April 4, 2012. This is an FLSA case in which the Parties request that the Court approve the settlement. Therefore, these Motions are now ripe for review.

This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*. The Parties have reached a settlement agreement and seek court approval of that agreement. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the

1

Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." There are two ways for a claim under the FLSA to be settled or compromised. Id. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. Id. at 1353. The second is under 29 U.S.C. §216(b), when an action is brought by employees against their employer to recover back wages. Id. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. Id. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit,

> [p]rovides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

In this case, the Parties have agreed to a settlement amount of $81,700.00, to the Plaintiffs in full and final satisfaction of their claim, including their claims for attorney's fees and costs. The Plaintiff, Aristeo Soto, and others similarly situated, have agreed to accept $54,005.62 in back wages and liquidated damages, as a full and fair settlement of their FLSA

claims. Counsel for the Plaintiffs, the law firm of Morgan & Morgan, PA., shall receive $24,186.41 in attorney's fees and the sum of $3,507.97 as costs for a total of $27,694.38. Counsel indicates the attorney's fees were negotiated separately from the Plaintiff's settlement without regard to the amount paid to the Plaintiffs in settlement of their FLSA claim.

In the Joint Motion for Approval submitted by the Parties, (Doc. # 142), the Parties agree that the Plaintiffs have been offered a fair and reasonable settlement, without compromise, for all the work performed on Defendants' behalf, and that the settlement between the Parties constitutes a fair and reasonable resolution of a bona fide dispute over FLSA issues. Thus, having thoroughly reviewed the settlement documentation, the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA. Further, pursuant to Fed. R. Civ. P. 41, the Court finds that this case should be dismissed with prejudice as to Defendant, Recycle Technologies International, Inc.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

(1) Parties' Joint Motion for Approval of Settlement Agreement, and Upon Court Approval, For Dismissal of the Action with Prejudice (Doc. # 142) should be **GRANTED**. It is further respectfully recommended, the settlement agreement should be **APPROVED** by the District Court.

(2) Plaintiff's Unopposed Motion for Dismissal of Claims with Prejudice as to Recycle Technologies International, Inc. and Incorporated Memorandum of Law (Doc. # 143) should be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** at Fort Myers, Florida, this 6th Day of April, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record